NORTH AMERICAN MERCANTILE CO. *v.* UNITED STATES

**No. 6272.**—Invoice dated Yokohama, Japan, July 10, 1936.
Certified July 10, 1936.
Entered at San Francisco, Calif., July 30, 1936.
Entry No. 1112.

(Decided April 18, 1946)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster* and *Samuel D. Spector*, special attorneys), for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement arises over an American selling price valuation for canned clams exported from Japan on July 10, 1936, and entered at the port of San Francisco on July 30, 1936. The merchandise was entered under certificate of pending reappraisement, as provided by section 503 (b), Tariff Act of 1930, at $5.319 per case, and was appraised as entered.

The appeal was submitted for decision upon the following written stipulation entered into by the respective parties:

(1) That this stipulation is limited to so much of said merchandise as is described in the invoice as "canned minced clams" in 7-ounce cans or tins, such item being marked "A" and initialed GHG by Examiner G. H. Godfrey, and said article being appraised on the basis of the American selling price in accordance with the Presidential proclamation published in T. D. 47031.

(2) That such merchandise is the same in all material respects as the imported minced clams involved in *North American Mercantile Co.* v. *United States*, Reap. Dec.'s 5680 and 6072, and that the issues herein, insofar as they pertain to the proper dutiable value of said merchandise, are the same in all material respects as the issues involved in the appeals covered by said decisions.

(3) That the record in said Reap. Dec. 5680 may be incorporated herein and that upon this stipulation this appeal may be deemed submitted, it being limited to the items marked "A" on the invoice, and abandoned as to all other merchandise.

In the incorporated case the court found that the collector had not properly designated the merchandise for examination and that the appraisements were therefore null and void.

In the present case the plaintiff contends that the question of the validity of the appraisement is not involved, and that the court must therefore determine whether the merchandise was properly appraised on the basis of the American selling price, and if so, what that value was, or if the American selling price is found not to be applicable, then to reappraise the merchandise on the basis of the export value as stipulated in the incorporated record. This contention is without merit. The appraisement was completed prior to the effective date of the Customs Administrative Act of 1938, so, not only is the question of the validity of the appraisement before me but the answer thereto will determine the court's authority to find a value.

The decisions in the incorporated case were based upon a motion by counsel for the plaintiff that the appraisements be held null and void for lack of compliance with section 499 of the Tariff Act of 1930. No such motion was made by either party in the present record.

The official papers disclose that the importation consists of a shipment of 150 cases of canned minced clams. The designation by the collector of the packages to be examined, appearing on the summary sheet, shows that one case, not specifically designated by case number, was designated for examination at the appraiser's stores. This sheet also contains the further designation "Ex. at wharf balance to make 10%." The appraiser reports his examination of the packages to have been "as ordered."

Each of the 150 cases imported had an identifying mark with an individual number. These, as shown by the invoice and bill of lading, ran consecutively from 651 to 800. In the present case the collector has not specified what packages were selected by him to be examined as he was required to do under the provisions of section 499 of the Tariff Act of 1930, and the appraisement is therefore null and void. (*Geo. Wm. Ruff, Inc.* v. *United States*, Reap. Dec. 5560, and cases cited therein.)

The conclusion reached herein is controlled by the decision in the incorporated case.

I find, therefore, that as the mandatory provisions of section 499 of the Tariff Act of 1930 have not been complied with, the appraisement herein is null and void *ab initio*.

Judgment will be rendered accordingly.